

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00138-CV

**IN THE INTEREST OF E.D.D., III**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA02283
Honorable Martha Tanner, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: August 7, 2019

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Mother appeals the trial court's order terminating her parental rights to her child, Edward.[1] The Texas Department of Family and Protective Services ("the Department") filed this suit, seeking termination of the parent-child relationship between the child and Mother. After a bench trial, the court found one independent ground[2] upon which to terminate Mother's parental rights and found that termination was in Edward's best interest. The trial court signed a termination order and designated Edward's father as Sole Managing Conservator. Mother timely appealed the trial court's order.

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the mother as "Mother" and the child by alias. We refer to E.D.D., III as "Edward." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2] Specifically, the trial court found evidence Mother "constructively abandoned the child … ." *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N).

Appellant's court-appointed appellate attorney filed a brief in which he concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating that *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified that he sent Mother a copy of the brief and a letter advising her of her rights to review the record and to file a pro se brief. Counsel also provided Mother a form motion to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order which set deadlines for Mother to request access to the record and to file a pro se brief and abating counsel's motion to withdraw. Mother did not request access to the appellate record or file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence the grounds for termination and that termination is in the child's best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to his client may

be met by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Irene Rios, Justice